### COPEMAN v LINE

Docket No. 78-1817. Submitted January 5, 1979, at Lansing.—Decided May 2, 1979.

Marland Copeman and Ruth Copeman, his wife, brought an action against Orrin Line, David D. Copeman and Joyce E. Warren for damages for personal injuries which resulted from a shotgun blast and were suffered by Mrs. Copeman. Judgment for plaintiffs, Livingston Circuit Court, Paul R. Mahinske, J. Defendant Joyce E. Warren moved for a judgment notwithstanding the verdict or, in the alternative, for a directed verdict. This motion was based on three claims: 1) that one of the plaintiffs deliberately got one of the codefendants intoxicated prior to his taking the witness stand, 2) that the court erred in giving an instruction on agency and 3) that the trial court allowed the admission of hearsay evidence over the objection of the defendants. The motion was denied. Defendant Warren appeals. *Held:*

1. The affidavits in support of the motion, dealing with the intoxication of the codefendant, were self-serving and made claims against one of the plaintiffs who was deceased at the time the claims were made. The trial court did not abuse its discretion in ruling on this claim.

2. The evidence presented raised a factual matter to which the law of principal and agent, master and servant or *respondeat superior* could apply. The trial court did not err in giving the instruction on agency.

3. The trial court did not err in allowing the admission of alleged hearsay since it was an admission of a party opponent and the objection raised claiming that it was hearsay was not well grounded.

Affirmed.

1. TRIAL — TRIAL COURT — CONDUCT OF A TRIAL — DISCRETION.

A trial court is in charge of a trial and must have a large amount of discretion as to the conduct of a trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 30.
[2] 75 Am Jur 2d, Trial § 469.

2. Motions — Directed Verdict — Evidence — Nonmoving Party.
   A trial court, in ruling on a motion for a directed verdict, must look upon the evidence presented in the light most favorable to the nonmoving party.

*Cooper, Burchfield & Shank,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John R. Jacobs*), for defendant Joyce E. Warren.

Before: Beasley, P.J., and D. F. Walsh and J. E. McDonald,* JJ.

J. E. McDonald, J. After a three-day trial, the jury returned a verdict in the amount of $200,000 against the defendants in approximately 20 minutes.

Defendant Warren (hereinafter defendant) moved in the trial court for a judgment notwithstanding the verdict or in the alternative for a new trial. The motion for a new trial in the trial court appears to have been on three claims: The defendant claimed that plaintiff Marland Copeman deliberately and intentionally got co-defendant David Copeman intoxicated. Affidavits from several of the parties, including codefendant David Copeman (an admitted alcoholic) who had testified, to the effect that his testimony had been affected by his intoxication, were presented in support of the motion.

By the time of the hearing on the motion, Marland Copeman, the plaintiff who was alleged to have deliberately and intentionally caused the intoxication of the involved defendant, was deceased.

The defendant, who now wishes to have a new

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial on the basis of the condition of her codefendant at the time of the trial, did not seek any relief from his misbehavior from the trial court during the trial. Furthermore, the affidavits supplied the court are not convincing in that they are self-serving. The trial court was also aware that the person against whom these claims of deliberate and intentional intoxication of another person were made was deceased.

The trial court is in charge of the trial of the matter and must have a large amount of discretion as to the conduct of a trial. We are not inclined to disturb the ruling by the trial court on this issue.

The next claim in the motion for a new trial was that the court erred in giving an instruction concerning agency. It was the position of the defendant that the law of agency applies exclusively to commercial transactions. The testimony in this matter would indicate that the relationship between the defendant and her claimed agent (codefendant David Copeman) was one which did involve a benefit derived by the defendant and presented a factual matter to which the law of principal-agent, master-servant and *respondeat superior* could apply.

After reviewing the transcript of the testimony and the instructions as given by the trial court, we are not in a position to say that the court erred in giving these instructions and therefore the motion for a new trial on this ground was properly denied.

The trial court denied a motion for a directed verdict where the claim was that there was no agency. In deciding a motion for a directed verdict, the trial court must look upon the evidence presented in the light most favorable to the nonmoving party and here there is no question but that

the minds of reasonable men could differ as to the relationship which existed between these parties. We find no error.

The other ground put forth by the defendant in the motion for a new trial or judgment n.o.v. was the admission of some hearsay testimony.

It appears that the statements claimed to be presented as hearsay were actually statements made by a party opponent and the objection raised by the defendant that this was hearsay was not well grounded. The court did not err in admitting this admission of a party opponent.

The question before this Court is whether or not the trial court abused its discretion in denying the motion for a new trial or for a judgment notwithstanding the verdict. Thus, this Court is limited on review to the issues presented to the trial court. We have reviewed the transcript of the hearing on the motion for a new trial before the trial court and we find no abuse of discretion in the denial of these motions and we therefore affirm the trial court.

Affirmed.

BEASLEY, P.J., concurs in the result only.